```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


FRANK H. DELGADO,              )
                               )
        Plaintiff              )
                               )
        v.                     )    Case No. 2:08 cv 20
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security                       )
                               )
        Defendant              )
```

## OPINION AND ORDER

This matter is before the court on the petition for judicial review of the decision of the Commissioner of Social Security filed by the plaintiff, Frank H. Delgado, on July 7, 2008. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED.**

### Background

The plaintiff, Frank Delgado, applied for Social Security Income (SSI) and Disability Insurance Benefits (DIB) on March 10, 2004, alleging a disability onset date of February 9, 2004. (Tr. 30, 93, 478) Finding Delgado not disabled, the claim was denied initially on July 19, 2004, and upon reconsideration on December 9, 2004. (Tr. 60, 67, 482, 489) On December 17, 2004, Delgado requested a hearing before an Administrative Law Judge. (Tr. 70). A hearing before ALJ Denise McDuffie Martin was held on October 26, 2005, and Delgado formally waived his right to legal representation in the administrative proceedings. (Tr. 80, 92)

A supplemental video teleconference hearing was held by ALJ Martin on September 13, 2006. (Tr. 39, 540) At that time, Delgado appeared unrepresented and testified. (Tr. 30, 540) The ALJ advised Delgado of his right to legal representation, but he chose to proceed without counsel. (Tr. 30) Also testifying were Delgado's sister, Miriam Sanchez, vocational expert Glee Ann L. Kehr, and medical expert Earnest Mond, M.D. (Tr. 540) Following the ALJ's issuance of an unfavorable decision on November 14, 2006, Delgado filed a Request for Review by the Appeals Council on December 13, 2006. (Tr. 11) On January 11, 2007, Delgado employed Attorney Brian L. Marlowe as legal counsel. (Tr. 22) After review of additional evidence and arguments by Delgado's attorney, the Appeals Council denied the Request for Review on December 6, 2007. (Tr. 7) This denial makes the ALJ's decision the final decision of the Commissioner of Social Security. 20 C.F.R. §422.210(a). Delgado subsequently filed a timely complaint in this court seeking review of the Commissioner's decision under 42 U.S.C. §405(g).

Delgado was born on February 12, 1959, making him 47 years old at the time of the hearing before the ALJ. (Tr. 36) On the date of his alleged onset of disability, he was 44 years old and had a high school equivalent education with vocational training in carpentry. (Tr. 36) From 1980 to 1989, Delgado worked as a parking garage attendant. (Tr. 115) According to his work history report filed on March 17, 2004, this position required him to walk, stand, sit, reach, and write, type, or handle small

2

objects throughout an eight hour work day. (Tr. 115-16) The job also required him to lift and carry a cash box of up to ten pounds. (Tr. 116)

During the period of 1990 to 1996, Delgado had no work history. Delgado stated he was unemployed during this time after suffering hip injuries from an auto accident. (Tr. 566) Delgado's work history report also indicated that from 1996 to 2004, he worked as a laborer and carpenter in the construction industry. (Tr. 114, 127)

On September 13, 2006, the VE reviewed the record of evidence, listened to testimony, and testified that Delgado's past work as a heavy skilled and unskilled laborer was not transferable to sedentary work. (Tr. 565-567) The ALJ provided a series of hypothetical questions to the VE. (Tr. 567) The first was for a person who was equal to the claimant's age, education, and work experience who would be limited to sedentary work, would be able to alternate between sitting or standing at will, only occasionally reaching overhead bilaterally, would be precluded from climbing, ladders, ropes, scaffolds, and driving, and should avoid exposure to unprotected heights or moving machinery. (Tr. 567) The VE stated that person would not be able to do any of the claimant's past work as a heavy skilled or heavy unskilled laborer. (Tr. 567)

The next hypothetical question asked the VE if any jobs in the national economy would accommodate the previous limitations. (Tr. 567) The VE assured the ALJ that other jobs existed within

this hypothetical, consisting of an account clerk, 3,000 local jobs, a quotation clerk, 2,000 local jobs, and an order clerk, 4,000 local jobs. (Tr. 567) The ALJ added an additional limitation of no overhead reaching, and the VE testified this would not change her opinion of the available jobs. (Tr. 567) The ALJ further inquired into a limitation of simple and unskilled jobs, and the VE confirmed the listed jobs were all considered simple and unskilled. (Tr. 567-68) The VE also testified that if the claimant required additional limitations of unscheduled work breaks due to complaints of pain, and the need to miss more than three days a month, these jobs would not be available. (Tr. 568) Finally, the ALJ asked the VE whether "the jobs you have identified are consistent with those found in the Dictionary of Occupational Titles [("DOT").]" The VE testified that the jobs identified were all consistent with the DOT. (Tr. 568) When given the opportunity to cross-examine the VE, Delgado declined. (Tr. 568)

The ALJ denied benefits in a written decision on November 14, 2006. (Tr. 30-38) The ALJ determined under step one that Delgado had not engaged in any substantial gainful activity since the alleged onset date of February 9, 2004. (Tr. 32) The ALJ found Delgado had the following severe impairments: degenerative disc disease of the lumbar spine and cervical spine, decreased vision, anemia, diabetes with diabetic retinopathy, hypertension, renal insufficiency, and gout. (Tr. 32) However, the ALJ found Delgado did not have an impairment or combination of impairments of listing-level severity. (Tr. 34) Therefore, the ALJ conclud-

4

ed Delgado had the RFC to perform simple, unskilled, sedentary job tasks requiring him to lift and carry ten pounds, sit six hours in an eight hour work day, stand or walk two hours in an eight hour work day, with the necessary option to sit or stand at will. (Tr. 34) The ALJ further limited Delgado to no overhead bilateral reaching, climbing ladders, ropes, and scaffolds, and no heights, moving machinery, and driving. (Tr. 35) The ALJ determined Delgado was unable to perform his past relevant work but would be able to perform some sedentary jobs. (Tr. 36) The ALJ found, based on Delgado's RFC and vocational factors, there were other jobs he could perform, such as account clerk, quotation clerk, and order clerk, that existed in significant numbers in the national economy. (Tr. 36) Therefore, the ALJ decided Delgado was not disabled, and denied benefits. (Tr. 37)

The claimant is contesting only the ALJ's determination at step five of the sequential evaluation required by 20 C.F.R. §§404.1520(a) and 416.920(a). Therefore, this court will address only the ALJ's decision regarding the step five analysis and the alleged conflicts between the VE testimony and the DOT.

## Discussion

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. §405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive.").

5

*Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005); *Lopez ex rel Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 852, (1972) (*quoting* *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed.2d 140 (1938)). *See also* *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003); *Sims v. Barnhart*, 309 F.3d 424, 428 (7th Cir. 2002). An ALJ's decision must be affirmed if the findings are supported by substantial evidence and if there have been no errors of law. *Rice v. Barnhart*, 384 F.3d 363, 368-69 (7th Cir. 2004); *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539.

Disability and supplemental insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that he is unable

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
>
> 42 U.S.C. §423(d)(1)(A)

The Social Security regulations enumerated the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. 20 C.F.R. §404.1520, §416.920. The ALJ first considers whether the claimant is presently employed or "engaged in substantial gainful activity." 20 C.F.R. §404.1520(b), §416.920(b). If he is, the claimant is not disabled and the evaluation process is over; if he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments which "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §404.1520(c), §416.920(c). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. §401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's residual functional capacity ("RFC") and the physical and mental demands of his past work. If at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. 20 C.F.R. §404.1520(e), §416.920(e). However, if the claimant shows that his impairment is so severe that he is unable to engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of his age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the

national economy. 42 U.S.C. §423(d)(2); 20 C.F.R. §404.1520(f), §416.920(f).

Delgado objects to the ALJ's decision, claiming the ALJ failed to resolve conflicts between the VE's testimony and the DOT as required by SSR 00-4p. More specifically, he claims the ALJ failed to elicit the specific occupation numbers for the jobs. In addition, he claims that the ALJ failed to resolve the conflict between Delgado's inability to reach overhead bilaterally and that the recommended occupations require frequent reaching.[1] The Commissioner contends that there are no conflicts between the VE's testimony and the DOT, and as a result, the ALJ's decision is supported by substantial evidence.

The Commissioner bears the burden at step five of establishing that the claimant can perform other work that "exists in significant numbers in the national economy." 20 C.F.R. §404.1560(c)(2); ***Britton v. Astrue***, 521 F.3d 799, 803 (7th Cir. 2008); ***Briscoe ex rel. Taylor v. Barnhart***, 425 F.3d 345, 352 (7th Cir. 2005). A VE's testimony can satisfy this burden only if that testimony is reliable. ***Britton***, 521 F.3d at 803; ***McKinnie v. Barnhart***, 368 F.3d 907, 910, 80 (7th Cir. 2004); ***Donahue v. Barnhart***, 279 F.3d 441, 446 (7th Cir. 2001). "A finding based on

---

[1] Plaintiff's brief also alleges "the ALJ limited Mr. Tolbert in her RFC to needing to sit or stand at will." (Pltf. Brf. p. 6) The court takes judicial notice of the fact that Mr. Tolbert is not a party to this action. The court further finds the argument unconvincing that the ALJ committed reversible error by stating in the RFC the plaintiff needed to sit or stand at will simply because the DOT does not discuss sitting or standing at will. The VE's testimony did not raise any "apparent" conflict with the DOT, thus the ALJ did not err in failing to elicit any reasonable explanation for the contrived conflict.

unreliable VE testimony is equivalent to a finding that is not supported by substantial evidence and must be vacated." ***Britton***, 521 F.3d at 803.

SSR 00-4p requires:

> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
>
> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and if the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

SSR 00-4p, 2000 WL 1898704 at *4

The regulations allow the ALJ to rely on either the VE or the DOT when making a determination regarding available work for the claimant. See 20 C.F.R. §404.1566(d), (e) (2007). But if the VE's testimony and the DOT conflict, the ALJ first must obtain a reasonable explanation for the conflict. ***Prochaska v. Barnhart***, 454 F.3d 731, 735 (7th Cir. 2006). Furthermore, before the ALJ can rely on the VE's testimony as substantial evidence, he must make the SSR 00-4p inquiry as to consistency with the DOT and elicit a response as to any discrepancies. ***Prochaska***, 454 F.3d at 735 (*citing* ***Haddock v. Apfel***, 196 F.3d 1084, 1087 (10th Cir. 1999)). SSR 00-4p places the burden of making the DOT inquiry on the ALJ, not the claimant. ***Prochaska***, 454 F.3d at 735.

9

An ALJ may "accept testimony from a VE that conflicts with the DOT when, for example, the VE's experience and knowledge in a given situation exceeds that of the DOT's authors." ***Donahue***, 279 F.3d at 446. The ALJ also may accept the VE's conflicting testimony when based on information in "other reliable publications." SSR 00-4p; ***Overman v. Astrue***, 546 F.3d 456, 464 (7th Cir. 2008). "The ALJ's reliance upon the VE's testimony is not reversible error because an ALJ may rely upon a VE's 'bottom-line' or 'purely conclusional' testimony, so long as data and reasoning underlying the opinion are 'available on demand.'" ***Overman***, 546 F.3d at 464 (*citing **Donahue***, 279 F.3d at 446). *See also **Barrett v. Barnhart***, 355 F.3d 1065, 1067 (7th Cir. 2004)(citing same).

Delgado identifies two "apparent" conflicts in the VE's testimony that, in his view, the ALJ was required to investigate further and resolve. First, Delgado claims the ALJ erred by not eliciting the specific occupation numbers listed in the DOT. The DOT lists occupations by broad titles, and within such titles are specific occupations, listed by categorical number. Delgado concedes that the ALJ listed the occupation titles, but contends the ALJ should have inquired further to obtain the specific categorical numbers from the VE. However, the ALJ was not required to obtain these categorical numbers from the VE, nor was failing to elicit the numbers an error. ***Stark v. Astrue***, 278 Fed. Appx. 661, 667 (7th Cir. 2008). While this method may be preferable for all parties involved, it was not fatal to the ALJ's decision.

Delgado further alleges a proper inquiry is "difficult if not impossible" without the categorical numbers. However, the ALJ may simply ask the VE for the list of DOT occupations by title, and then rely on the VE's reasonable testimony in determining eligibility for disability benefits. The categorical numbers for specific DOT occupations were not essential to a proper inquiry, nor were they fatal in fact. Further, both parties were able to find the categorical numbers for specific occupations to include in their respective briefs, demonstrating an inquiry without categorical numbers was not difficult or impossible. (Pltf. Brf. p. 5; Deft. Brf. p. 6) Therefore, the ALJ did not err in failing to elicit categorical numbers for specific DOT occupations.

Second, Delgado argues the ALJ found "no apparent" conflict between the VE's testimony and the DOT regarding his limitation of no overhead bilateral reaching, and thus any failure to make a particular inquiry requires reconsideration on remand. Delgado cites to **Prochaska** as controlling precedent in this case. In **Prochaska**, the ALJ elicited testimony from the VE as to whether a hypothetical person with certain limitations could meet the requirements of various jobs. However, the ALJ failed to ask the VE whether his testimony was consistent with the DOT. 454 F.3d at 735. The plaintiff argued that the jobs listed by the VE in response to the hypothetical were inconsistent with his limitations and did not match the DOT. 454 F.3d 736. The court held that SSR 00-4p required the ALJ to determine whether the VE's

testimony was consistent with the DOT and remanded the case on that issue. *Prochaska*, 454 F.3d at 736.

In this case, the ALJ ended the hearing by asking the VE whether the jobs identified for Delgado were consistent with those found in the DOT. (Tr. 568) The VE confirmed that the jobs identified were consistent with those found in the DOT. (Tr. 568) Delgado's arguments are misplaced because during the VE's testimony, the ALJ specifically inquired about Delgado's physical limitation of no overhead reaching. First, the ALJ asked for jobs in the economy that would require only occasional overhead bilateral reaching. The VE indicated the jobs of account clerk, quotation clerk, and order clerk could accommodate this limitation. Then, the ALJ specifically limited the hypothetical to absolutely no overhead reaching, and the VE verified the same jobs would be available to the claimant. Finally, the ALJ asked the VE whether the jobs identified for the claimant were consistent with the jobs found in the DOT. Again, the VE confirmed her recommendation.

The ALJ properly identified Delgado's limitation of no overhead bilateral reaching and considered this obstacle while questioning the VE. The ALJ elicited information from the VE to resolve any apparent conflicts between Delgado's personal limitations and the physical requirements for the recommended occupations. The ALJ also confirmed that the VE testimony was consistent with the DOT. Therefore, the ALJ reasonably relied upon the

VE's testimony and satisfied the burden regarding Delgado's ability to perform the recommended occupations.

---

For the aforementioned reasons, the decision of the Commissioner is **AFFIRMED**.  The Clerk is directed to close the case.

ENTERED this 17th day of March, 2009

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge